## UNITED STATES FEDERAL COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **JOHN COHEN, as next friend** | ) |
| **and personal representative of the** | ) |
| **Estate of ERIC COHEN,** | ) |
| **an Estate in the County of Cumberland,** | ) |
| **State of Maine,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CITY OF PORTLAND,** | ) |
| **a municipality located in the** | ) |
| **City of Portland, County of Cumberland,** | ) |
| **State of Maine,** | ) |
| | ) |
| **&** | ) |
| | ) |
| **SERGEANT CHRISTOPHER** | ) |
| **GERVAIS, individually and** | ) |
| **in his official capacity as** | ) |
| **Sergeant, Portland Police Department,** | ) |
| | ) |
| **&** | ) |
| | ) |
| **SERGEANT MICHAEL RAND,** | ) |
| **individually and** | ) |
| **in his official capacity as** | ) |
| **Sergeant, Portland Police Department,** | ) |
| | ) |
| **&** | ) |
| | ) |
| **JOHN DOE,** | ) |
| **individually and in his official** | ) |
| **capacity as a Fireman of the Portland** | ) |
| **Fire Department,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants** | ) |

-1-

## COMPLAINT & DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through his attorney and respectfully demands trial by jury on all of his claims and causes so triable and complains against the Defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to Title 28, United States Code, Section 1331 insofar as Plaintiff's causes of action raise federal questions under the Constitution, laws, treaties or statutes of the United States.

2. Venue is proper within this District pursuant to Tile 28, United States Code, Section 1391(a), insofar as a substantial part of the events or omissions giving rise to the claims asserted occurred within the District of Maine. The harm sustained by Plaintiff occurred in the District of Maine. This action is properly filed in Portland because this case arose in Cumberland County.

## PARTIES

3. At all times relevant to this Complaint, ERIC COHEN, was an individual residing in the City of Portland, County of Cumberland, State of Maine.

4. Plaintiff JOHN COHEN, acting as the personal representative of the Estate of ERIC COHEN, is an individual residing in the Town of Highlands Ranch, Colorado. Mr. Cohen is also the father of the late ERIC COHEN.

5. Defendant CITY OF PORTLAND, is a municipality located in the City of Portland, County of Cumberland, State of Maine.

6. Defendant CHRISTOPHER GERVAIS is an individual employed as a Sergeant in

-2-

the Portland Police Department, located in the City of Portland, County of Cumberland, State of Maine.

7. Defendant MICHAEL RAND is an individual employed as a Sergeant in the Portland Police Department, located in the City of Portland, County of Cumberland, State of Maine.

8. Defendant JOHN DOE is an individual employed as a Fireman in the Portland Fire Department, located in the City of Portland, County of Cumberland, State of Maine.

9. At all times relevant to this Complaint, the CITY OF PORTLAND employed Defendants, SERGEANT CHRISTOPHER GERVAIS, SERGEANT MICHAEL RAND, and JOHN DOE and at all times relevant to this Complaint, those Defendants were acting within their employment for THE CITY OF PORTLAND.

### FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 9 as if fully restated herein.

11. On Sunday, April 12, 2020, at 1:23 p.m., Mr. Cohen entered the cold, shallow and calm waters of the Back Cove in Portland, Maine.

12.  The air temperature at the time was approximately 43 degrees, Fahrenheit, and the water temperature was approximately 41 degrees, Fahrenheit.

13. Mr. Cohen was not wearing any clothes when he entered the Back Cove and was experiencing some form of psychosis.

14.  At 1:23 p.m., Defendant Gervais of the Portland Police requested the Portland Fire

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST., LEWISTON, ME 04240 (207) 333-3583

Department to provide a boat to pick him and two additional officers up for water retrieval.

15. Defendant Gervais then drove across the city from the Back Cove to the Maine State Pier where the boat Marine 3 was docked.

16. Eleven (11) minutes elapsed while Marine 3 waited for the police officers to arrive.

17. At 1:33 p.m., Defendant Rand arrived at the Back Cove.

18. The following exchange occurs between Defendant Rand and Defendant Cunningham upon Defendant Rand's arrival:  Cunningham to Rand: "The problem is, this guy has about 15 minutes to live. If he begins to struggle, I will strip it, go in and cover him." Rand to Cunningham: "We should have the fire boat right off, but I understand what you gotta do."

19. At 1:34 p.m., Portland Fire Department Marine Rescue 3 advised it was on the way. (Aboard were three [3] Portland Police Officers).  Mr. Cohen had been in the cold water for approximately eleven minutes.

20. At 1:39 p.m., Defendant Rand arrived shoreline and stated to his fellow officers upon seeing Mr. Cohen in the water: "He has done a good job of staying afloat in this temperature for so long."  Mr. Cohen was thirty (30) feet off-shore and in waist deep water.

21. By this time, several officers including a K-9 unit, as well as fire-rescue personnel had lined the shore.

22. Ultimately, there were approximately nine (9) officers and fire-rescue personnel on

-4-

shore in total.

23. One officer stood with a less than lethal weapon drawn.

24. Defendant John Doe in the on-shore group yelled to Mr. Cohen "I will kick your ass if you come out of the water."

25. At 1:40 p.m., Defendant Cunningham remarked to Defendant Rand (both shoreline at the Back Cove): "I have watched a lot of people drown and it's not long now." To which Defendant Rand replied: "Oh, I know."

26. No personnel on shore made any attempt to rescue Mr. Cohen, though the means and equipment (rope, rings, life jackets, etc.) necessary to do so were available.

27. At 1:42 p.m., Defendant Cunningham reported that Mr. Cohen had gone under water.

28. Defendant Cunningham remarked: "He is dead." Defendant Rand replied "Yup."

29. At 1:43 p.m., Marine Rescue 3 advised that it had just cleared Tukey's Bridge. (At that time, Mr. Cohen had been in the 41-degree water for twenty (20) minutes).

30.  At 1:45 p.m., Defendant Rand instructed Marine Rescue 3 that Mr. Cohen was 500 feet from their position and was face down in the water about thirty feet from the shore.

31.  At 1:45 p.m., Defendant Cunningham (a former U.S. Coast Guard rescue swimmer) offered to go out to Mr. Cohen. "If you give me a life jacket, I'll go save this guy's life." Defendant Cunningham was finally authorized to do so (by Defendant Rand) and began to remove his tactical vest.

32. At 1:45 p.m., Marine Rescue 3 reported its location to be about 100 feet from Mr.

**PARADIE, RABASCO & SEASONWEIN**, 217 MAIN ST., LEWISTON, ME 04240 (207) 333-3583

Cohen.

33. At 1:45 p.m., Defendant Cunningham (a former U.S. Coast Guard rescue swimmer) was instructed (by Defendant Rand) not to enter the water, since Marine Rescue 3 was nearing Mr. Cohen's body.

34. At 1:46 p.m., Defendant Rand finally inquired if an ambulance was en route and close by.

35. At 1:46 p.m., Fire dispatch informed Defendant Rand that no ambulance had yet been assigned. A unit was finally assigned at 1:46 p.m., twenty-three (23) minutes after Mr. Cohen entered the water.

36. At 1:47 p.m., Defendant Gervais (on board Marine Rescue 3) reported that Mr. Cohen's body was on board and that Marine 3 would be landing on the beach.

37. At this point in time, Mr. Cohen had been face down in the water for four or five minutes and had been in the frigid water for twenty-four (24) minutes. Defendant Gervais was unable to find a pulse.

38. At 1:49 p.m., Mr. Cohen's naked body was brought to shore while the ambulance with medics remained en route.

39. No equipment (suction device etc.) was available to attend to him, not even a blanket to warm him up.

40. No one commenced CPR or other life saving measures.

41. One Portland Firefighter finally removed his jacket and placed it on Mr. Cohen's shoulders.

42. Mr. Cohen was otherwise naked, his body exposed to the elements and passersby

-6-

walking the public Back Cove Trail.

43. At 1:53 p.m., the ambulance arrived on scene. CPR and other resuscitating measures were finally commenced.

44. At 2:26 p.m., the ambulance left the Back Cove for Maine Medical Center.

45. At 2:52 p.m., Mr. Cohen was pronounced dead at Maine Medical Center.

46. The Medical Examiner ruled Mr. Cohen's manner of death was an "accident" and the causes of death were drowning and hypothermia.

### COUNT I-DUE PROCESS
### CITY OF PORTLAND

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 above, as if set forth fully herein.

48. By the actions of the Portland Police Department in chasing Plaintiff Cohen into the cold waters of the Back Bay and then standing on the shoreline as he drowned, it created a significant danger to Mr. Cohen, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

49. Upon information and belief that the City of Portland through its' Police Department, violated its protocols, training and standards under the circumstances, creating such danger to Mr. Cohen.

50. The City of Portland and its Police Department's actions and deliberate indifference in placing Mr. Cohen in danger were so egregious and outrageous that they shock the contemporary conscience.

51. The City of Portland's lack of training for its law enforcement officers and its officers' failures to follow standard protocols and procedures deprived Mr. Cohen

-7-

of due process causing Cohen significant physical and emotional damages, including death.

### COUNT II-DUE PROCESS
### CHRISTOPHER GERVAIS

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 above, as if set forth fully herein.

53. Defendant created a significant danger to Mr. Cohen, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

54. Upon information and belief that the Defendant violated his protocols, training and standards under the circumstances, creating such danger to Mr. Cohen.

55. Defendant's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

56. Defendant's failures to follow standard protocols and procedures deprived Plaintiff of due process causing Plaintiff significant physical and emotional damages, including death.

### COUNT III – SECTION 1983
### CHRISTOPHER GERVAIS

57. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 56 as if fully restated herein.

58. Pursuant to the Eighth Amendment, Defendant Gervais, individually, owed Mr. Cohen a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

59. Defendant had a duty to take reasonable measures to avoid denying Mr. Cohen

-8-

the same, by following orders and complying with orders and his employer's policies and procedures under the circumstances.

60. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Cohen, a citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

61. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff in an action at law.

62. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Cohen's health and safety.

63. Defendant acted with deliberate indifference to Mr. Cohen's health and safety, causing him injury, specifically death.

64. Upon information and belief that Defendant also failed to follow procedures and policies for dealing with an individual suffering from a mental health crisis and in danger of death.

**COUNT IV – MAINE CIVIL RIGHTS ACT**
**5 M.R.S.A. §4682**
**CHRISTOPHER GERVAIS**

65. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 64 as if fully restated herein.

66. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Cohen of rights secured by the United States and Maine Constitutions.

-9-

67. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

68. Defendant's actions directly and proximately caused Mr. Cohen serious physical and emotional harm, specifically death.

## COUNT V – WRONGFUL DEATH
## CHRISTOPHER GERVAIS

69. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 68 as if fully restated herein.

70. Defendant wrongfully and/or negligently caused the death of Mr. Cohen.

71. Defendant's actions have directly and proximately caused Mr. Cohen's heirs and estate to suffer pecuniary loss.

72. Defendant's actions have also directly and proximately caused Mr. Cohen's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Cohen, as well as significant emotional distress.

73. Plaintiff also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

## COUNT VI – CONSCIOUS PAIN AND SUFFERING
## CHRISTOPHER GERVAIS

74. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 73 as if fully restated herein.

75. Defendant's wrongful and/or negligent actions caused Mr. Cohen conscious pain and suffering prior to his death.

## COUNT VII-DUE PROCESS
## MICHAEL RAND

76. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 75

-10-

above, as if set forth fully herein.

77. Defendant created a significant danger to Mr. Cohen, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

78. Upon information and belief that the Defendant violated his protocols, training and standards under the circumstances, creating such danger to Mr. Cohen.

79. Defendant's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

80. Defendant's failures to follow standard protocols and procedures deprived Plaintiff of due process causing Plaintiff significant physical and emotional damages, including death.

## COUNT VIII – SECTION 1983
## MICHAEL RAND

81. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 80 as if fully restated herein.

82. Pursuant to the Eighth Amendment, Defendant Rand, individually, owed Mr. Cohen a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

83. Defendant had a duty to take reasonable measures to avoid denying Mr. Cohen the same, by following orders and complying with orders and his employer's policies and procedures under the circumstances.

84. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Cohen, a citizen of

-11-

the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

85. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff in an action at law.

86. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Cohen's health and safety.

87. Defendant acted with deliberate indifference to Eric Cohen's health and safety, causing him injury, specifically death.

88. Upon information and belief that Defendant also failed to follow procedures and policies for dealing with an individual suffering from a mental health crisis and in danger of death.

## COUNT IX – MAINE CIVIL RIGHTS ACT
## 5 M.R.S.A. §4682
## MICHAEL RAND

89. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 88 as if fully restated herein.

90. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Cohen of rights secured by the United States and Maine Constitutions.

91. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

92. Defendant's actions directly and proximately caused Eric Cohen serious physical and emotional harm, specifically death.

## COUNT X – WRONGFUL DEATH
## MICHAEL RAND

-12-

93. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 92 as if fully restated herein.

94. Defendant wrongfully and/or negligently caused the death of Mr. Cohen.

95. Defendant's actions have directly and proximately caused Mr. Cohen's heirs and estate to suffer pecuniary loss.

96. Defendant's actions have also directly and proximately caused Mr. Cohen's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Cohen, as well as significant emotional distress.

97. Plaintiff has also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

### COUNT XI – CONSCIOUS PAIN AND SUFFERING
### MICHAEL RAND

98. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 97 as if fully restated herein.

99. Defendant's wrongful and/or negligent actions caused Mr. Cohen conscious pain and suffering prior to his death.

### COUNT XII-DUE PROCESS
### JOHN DOE

100. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 99 above, as if set forth fully herein.

101. Defendant created a significant danger to Mr. Cohen, depriving him of due process of law as guaranteed by both the Maine and federal Constitutions.

-13-

102. Upon information and belief that the Defendant violated his protocols, training and standards under the circumstances, creating such danger to Mr. Cohen.

103. Defendant's actions and deliberate indifference were so egregious and outrageous that they shock the contemporary conscience.

104. Defendant's failures to follow standard protocols and procedures deprived Plaintiff of due process causing Plaintiff significant physical and emotional damages, including death.

## COUNT XIII – SECTION 1983
## JOHN DOE

105. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 104 as if fully restated herein.

106. Pursuant to the Eighth Amendment, Defendant individually, owed Eric Cohen a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

107. Defendant had a duty to take reasonable measures to avoid denying Eric Cohen the same, by following orders and complying with orders and his employer's policies and procedures under the circumstances.

108. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Mr. Cohen, a citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

109. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff

-14-

in an action at law.

110. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Mr. Cohen's health and safety.

111. Defendant acted with deliberate indifference to Eric Cohen's health and safety, causing him injury, specifically death.

112. Upon information and belief that Defendant also failed to follow procedures and policies for dealing with an individual suffering from a mental health crisis and in danger of death.

## COUNT XIV – MAINE CIVIL RIGHTS ACT
## 5 M.R.S.A. §4682
## JOHN DOE

113. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 112 as if fully restated herein.

114. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Mr. Cohen of rights secured by the United States and Maine Constitutions.

115. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

116. Defendant's actions directly and proximately caused Mr. Cohen serious physical and emotional harm, specifically death.

## COUNT XV – WRONGFUL DEATH
## JOHN DOE

117. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 116 as if fully restated herein.

118. Defendant wrongfully and/or negligently caused the death of Mr. Cohen.

-15-

119. Defendant's actions have directly and proximately caused Mr. Cohen's heirs and estate to suffer pecuniary loss.

120. Defendant's actions have also directly and proximately caused Mr. Cohen's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Cohen, as well as significant emotional distress.

121. Plaintiff has also suffered conscious pain and suffering, medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

### COUNT XVI – CONSCIOUS PAIN AND SUFFERING
### JOHN DOE

122. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 121 as if fully restated herein.

123. Defendant's wrongful and/or negligent actions caused Mr. Cohen conscious pain and suffering prior to his death.


WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a.   Declare that Defendants have wrongfully deprived ERIC COHEN of his constitutionally secured rights under the Maine and United States Constitution;

    b.   Declare that Defendants have wrongfully caused the death of ERIC COHEN;

    c.   Award Plaintiff compensatory damages to be determined at trial;

    d.   Award Plaintiff punitive damages to be determined at trial;

    e.   Award Plaintiff pre-judgment interest;

    f.   Award Plaintiff attorney's fees and costs;

g.  Award Plaintiff such further relief as it deems just and proper.


Date: September 15, 2021                    _____/s/ Verne Paradie_____
                                            VERNE E. PARADIE, JR, ESQUIRE
                                            Attorney for the Plaintiff
                                            Bar No: 8929
                                            vparadie@lawyers-maine.com

-17-