**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JOHN COHEN, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )　Docket No. 2:21-cv-00267-NT<br>)<br>CITY OF PORTLAND, et al., )<br>)<br>　　　　Defendants. ) | |

**ORDER ON SIXTH MOTION TO AMEND COMPLAINT**

Before me is the Plaintiff's sixth motion to amend his complaint (ECF No. 59). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**DISCUSSION**

The Plaintiff seeks to amend his complaint to allege lack of training and following of protocols by the Portland Fire Department. Pl.'s Sixth Mot. to Amend Compl. 2 (ECF No. 59). In addition, based on a recent deposition that the Plaintiff asserts confirmed the identity of the Defendant named as "John Doe," the Plaintiff seeks to amend "John Doe" to "Ronald Giroux, Jr." in the Complaint. Pl.'s Sixth Mot. to Amend Compl. 2.

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Sargent v. NorDx*, 2:20-cv-00467-JAW, 2022 WL 17738711, at *5 (D. Me. Dec. 16, 2022) (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11–12 (1st Cir. 2004)). Rule 15 of the Federal Rules of Civil

Procedure allows a party to amend its pleading "once as a matter of course within" a certain time frame. Fed. R. Civ. P. 15(a)(1). For example, after a defendant files an answer to a complaint, freedom to amend the complaint without leave of court is permitted within 21 days of the date on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). After that point, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court is directed to grant leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion seeking leave to amend after the deadline for amendment of pleadings has passed, however, will incur an "elevated" standard. *Moore v. Me. Dep't of Corrs.*, 1:16-cv-00398-NT, 2018 WL 5891741, at *1 (D. Me. Nov. 9, 2018). That is because "[a] motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order." *Id.* Thus, "[t]o obtain an amendment of the scheduling order, a party must demonstrate 'good cause.' " *Id.* (quoting *Johnson v. Spencer Press of Me.*, 211 F.R.D. 27, 30 (D. Me. 2002)). Here, the deadline to amend pleadings was November 8, 2022, so the "good cause" standard applies. *See* Am. Scheduling Order 2 (ECF No. 53).

Defendant City of Portland opposes the motion to amend on the ground that the Plaintiff has not shown good cause. *See* Def.'s Opp'n to Pl.'s Sixth Mot. to Amend Compl. ("**Def.'s Opp'n**") (ECF No. 62). First, the Defendant opposes the Plaintiff's request to add allegations regarding the Portland Fire Department. The Defendant asserts that the Plaintiff knew or should have known about the involvement of the Fire Department "since before the beginning of this lawsuit" and argues that allowing

2

the amendment would significantly delay the case and "unduly prejudice the Defendant because it would require a major alteration in strategy and tactics for summary judgment and trial." Def.'s Opp'n 5–6.

I agree. "A court's decision on good cause 'focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.' " *Moore*, 2018 WL 5891741, at *1 (quoting *Steir*, 383 F.3d at 12). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.' " *Id.* (quoting *Steir*, 383 F.3d at 12).

In this case, I question the diligence of the Plaintiff. From the beginning of this litigation, the Plaintiff has alleged (and thus must have known) that the Fire Department was on the scene and/or involved in the response operation, and that one individual, alleged to be a firefighter, yelled at the Plaintiff's son from the shore. *See* Compl. ¶¶ 8, 14, 19, 21, 22, 24, 35, 41 (ECF No. 1). Given that longstanding knowledge, it is not clear to me that the Plaintiff had good cause to wait until now to amend his pleadings. Moreover, this matter has been pending for nearly 18 months, the deadline for amendment of pleadings has passed, discovery has closed, and the Defendant has filed its notice of intent to file for summary judgment. *See* Am. Scheduling Order 2; Def. City of Portland's Notice of Intent to File Mot. for Summ. J. (ECF No. 63). At this late stage, allowing the Plaintiff to amend his Complaint to allege claims concerning the Fire Department would prejudice the Defendant by

requiring the reopening of discovery and by likely forcing the Defendant to alter its legal strategy.

I will, however, grant the Plaintiff leave to change "John Doe" to "Ronald Giroux, Jr." The Defendant argues that I should deny the Plaintiff's request on the grounds that the deposition testimony that supposedly confirmed John Doe's identity did not actually do so, and that the Plaintiff "made no effort to identify [John Doe] before the deadline to amend the pleadings." Def.'s Opp'n 7–8. As to the Defendant's first argument, I am not privy to the content of the deposition in question and thus cannot weigh in on whether it confirmed John Doe's identity. And, while I am cognizant that the Plaintiff seeks leave to amend after the passage of relevant deadlines, I do not find that such an amendment would prejudice the Defendant. Giroux was already a named Defendant in this lawsuit as far back as October of 2021, *see* Second Am. Compl. (ECF No. 9), and was only replaced by "John Doe" in May of 2022 because the "Defendants' counsel . . . report[ed] to [the Plaintiff's counsel] that it is not clear if Mr.[ ] Giroux or another firefighter" was the individual alleged to have yelled at the Plaintiff's son from the shore, Pl.'s Fifth Mot. to Amend Compl. 1 (ECF No. 44). In other words, the Defendant has long been on notice that Giroux was possibly the person previously named as "John Doe," so adding Giroux back in should neither prejudice nor unfairly surprise the Defendant.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's sixth motion to amend his complaint (ECF No. 59). The motion

4

is **GRANTED** insofar as the Plaintiff seeks leave to amend "John Doe" to "Ronald Giroux, Jr." The Plaintiff's request to add allegations concerning the training and following of protocols by the Fire Department is **DENIED.**

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 1st day of February, 2023.